UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE C.,<br><br>    Plaintiff<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 5:17-cv-02209-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff[1] filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of her application for Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 11, 12] and briefs addressing disputed issues in the case [Dkt. 16 ("Pltf.'s Br."), Dkt. 23 ("Def.'s Br."), and Dkt. 24 ("Pltf.'s Reply")]. The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below, the Court finds that this matter should be affirmed.

---

[1] Plaintiff's name has been partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On October 31, 2013, Plaintiff filed an application for SSI, alleging that she became disabled as of March 31, 2013. [Dkt. 15, Administrative Record ("AR") 26, 222.] The Commissioner denied her initial claim for benefits on May 22, 2014. [AR 23; 101, 108.] On May 24, 2016, a hearing was held before Administrative Law Judge ("ALJ") Joseph P. Lisiecki. [AR 47-64.] On July 8, 2016, the ALJ issued a decision denying Plaintiff's request for benefits. [AR 26-38.] Plaintiff requested review from the Appeals Council, which denied review on August 25, 2017. [AR 1-5.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 416.920(b)-(g)(1). At step one, the ALJ concluded that Plaintiff has not engaged in substantial gainful activity since October 21, 2013, the application date. [AR 28 (citing 20 C.F.R. § 416.971).] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: chronic obstructive pulmonary disease (COPD), lumbar degenerative disc disease; hepatitis c; adjustment disorder with mixed anxiety and depressed mood; and polysubstance dependence. [*Id.* (citing 20 C.F.R. § 416.920(c)).] Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 29 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 416.920(d), 416.925, and 416.926.]

The ALJ found that Plaintiff had the following residual functional capacity (RFC) to:

> Occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk for 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; occasionally perform posturals except never climb ladders, ropes, or scaffolds; no unprotected heights or dangerous machinery; no concentrated exposure to fumes, odors, dusts, gases, pulmonary irritants, extreme temperatures hot or cold, or vibration; simple repetitive tasks, object-oriented so no work with the

> general public; occasional interaction with coworkers and supervisors; and not responsible for safety related operations.

[AR 30.] Applying this RFC, the ALJ found that Plaintiff had no past relevant work, but she could perform other work as a mail sorter (DOT 209.687-026) or a swatch clerk (DOT 222.587-050), and, thus, is not disabled. [AR 37.]

## III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074. The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## IV. DISCUSSION

**1. Plaintiff's Mental RFC Determination**

In her opening brief, Plaintiff asserts that the ALJ's mental RFC determination is flawed because (1) the ALJ implicitly rejected Dr. Bagner's psychiatric consultative opinion that Plaintiff is "limited in her ability to deal with work pressure in a usual work setting" and (2) the ALJ failed to adequately account for her moderate limitations in concentration, persistence, or pace. The Court addresses each claim in turn.

///

**A.     The ALJ's Assessment of Dr. Bagner's Examining Opinion**

Plaintiff first argues that the ALJ failed to accommodate Dr. Bagner's assessment that she is moderately limited in her ability to respond to work pressure in a routine work setting. As to Dr. Bagner's opinion, the ALJ stated:

> Ernest Bagner III, M.D., the psychiatric consultative examiner, concluded that the claimant's ability to follow simple, oral, and written instructions was not limited. Her ability to follow detailed instructions was mildly limited. Her ability to interact appropriately with the public, coworkers, and supervisors was mildly limited. Her ability to comply with job rules, such as safety and attendance was not limited. Her ability to respond to changes in a routine work setting was mildly limited. Her ability to respond to work pressure in a usual work setting was moderately limited. Her daily activities were mildly limited. Although not inconsistent with the evidence, giving the claimant all reasonable consideration, the undersigned gives less weight to these opinions and adopts a more restrictive residual functional capacity above.

[AR 35.]

Plaintiff contends that although the ALJ found that Dr. Bagner's opinion was consistent with the evidence, the ALJ implicitly rejected Dr. Bagner's findings, in part, without adequate explanation. The Commissioner responds that the ALJ did not reject Dr. Bagner's findings, but rather accommodated Plaintiff's difficulties with work pressure by including limitations on task complexity and social interaction in Plaintiff's RFC.

Plaintiff's argument that the ALJ erred by silently rejecting some of Dr. Bagner's specific limitations is unpersuasive. An ALJ may synthesize and translate assessed limitations into an RFC assessment without repeating each functional limitation verbatim in the RFC assessment. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173-74 (9th Cir. 2008); *see also* 20 C.F.R. § 404.1545 (defining RFC as "the most you can still do despite your limitations"). Here, the ALJ restricted Plaintiff to simple repetitive tasks without rejecting any specific limitations opined by Dr.

Bagner. Instead, the ALJ assessed *greater* limitations than those found by Dr. Bagner when formulating Plaintiff's RFC. By assessing more restrictions than Dr. Bagner, the rational inference is that the ALJ in this case intended to adopt all of the moderate limitations in mental functioning opined by Dr. Bagner— including limitations in responding to work pressure—by generally finding that Plaintiff can perform simple repetitive work with limited interaction and responsibilities. *See Stubbs-Danielson*, 539 F.3d at 1174-76 (the court may presume from a general finding of simple routine work that all moderate limitations are included in that finding).

This presumption is supported by substantial evidence in the record cited by the ALJ when formulating Plaintiff's mental RFC. As Dr. Bagner's report reflects, Plaintiff is not taking any psychiatric medications and she has not sought any outpatient psychiatric treatment for over 10 years. [AR 555.] During her examination with Dr. Bagner, Plaintiff presented with a depressed mood, but as the ALJ noted, her mental status examination findings "were generally unremarkable." [AR 36, 554-558.] Dr. Bagner further assessed a GAF score of 65, suggesting that Plaintiff was "generally functioning pretty well." *See* DSM-IV-TR. Additionally, the State agency reviewing physicians found that Plaintiff did not have a severe mental impairment and she had no more than mild limitations in the four broad functional areas of mental impairment. [AR 91]; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record."). Accordingly, the Court concludes that the ALJ's finding that Plaintiff could perform a range of simple repetitive work encompasses Dr. Bagner's concern about Plaintiff's ability to respond to work pressure.

///

///

**B.     Moderate Limitations in Concentration, Persistence, or Pace**

Next, Plaintiff argues that the ALJ erred by failing to account for her moderate limitations in concentration, persistence or pace when formulating her mental RFC. Plaintiff cites *Brink v. Comm'r of Soc. Sec. Admin.*, 343 Fed. Appx. 211 (9th Cir. 2009), for support. *See id.* The Commissioner, relying on *Stubbs-Danielson,* responds that the ALJ's RFC determination limiting Plaintiff to "simple, repetitive, object-oriented tasks; no work with the general public; only occasional interaction with coworkers and supervisors; and no responsibility for safety-related operations" adequately encompassed Plaintiff's moderate limitations in concentration, persistence, or pace.

As recently noted in *Juanita S. v. Berryhill*, the distinction between the Ninth Circuit's decision in *Stubbs-Danielson* and *Brink* is "well -worn track." 2018 U.S. Dist. LEXIS 163468, at *6 (C.D. Cal. Sep. 24, 2018). In *Stubbs-Danielson*, the circuit court concluded that moderate pace limitations may translate into a "simple task" RFC without additional conditions. *Stubbs-Danielson*, 539 F.3d at 1173-74. That is, an ALJ can "account[ ] for [a claimant's] moderate functional limitations in the residual functional capacity" with a simple work limit. *Mitchell v. Colvin*, 642 F. App'x 731, 733 (9th Cir. 2016); *see also Duran v. Berryhill*, No. CV 16-7416 JPR, 2017 U.S. Dist. LEXIS 91707, 2017 WL 2588069 at * 8 (C.D. Cal. 2017) (claimant's moderate impairments were properly translated by the ALJ into an RFC for "'simple, repetitive tasks' with limitations on fast-paced work, teamwork, and contact with the public, coworkers, and supervisors").

On the other hand, a simple work RFC may not adequately address a claimant's personal situation. When an ALJ finds that a claimant has a moderate limitation in maintaining concentration, persistence, and pace, merely limiting the claimant's potential work to "simple, repetitive work" without including other limitations can be error. *Brink*, 343 F. App'x. 211, 212 (9th Cir. 2009) ("The Commissioner's contention that the phrase 'simple, repetitive work' encompasses

difficulties with concentration, persistence, or pace is not persuasive."); *Lubin v. Comm'r of Soc. Sec. Admin.*, 507 F.App'x 709, 712 (9th Cir. 2013) ("Although the ALJ found that [the claimant] suffered moderate difficulties in maintaining concentration, persistence, or pace, the ALJ erred by not including this limitation in the residual functional capacity determination or in the hypothetical question to the vocational expert.").

Following *Brink*, recent unpublished Ninth Circuit cases have declined to cite *Brink* and rely instead on *Stubbs-Danielson* to find that "simple task" hypotheticals can encompass concentration, persistence, and pace limitations. In *Israel v. Astrue*, 494 Fed. App'x 794 (9th Cir. 2012), the Ninth Circuit found that an ALJ's RFC limitation to "simple tasks" adequately captured moderate limitations in concentration, persistence, or pace. In *Sabin v. Astrue*, 337 Fed. App'x 617 (9th Cir. 2009), the Ninth Circuit determined that an ALJ's RFC formulation for "simple and repetitive tasks on a consistent basis" was consistent with the claimant's moderate difficulties in concentration, persistence, or pace, where the plaintiff could complete serial ones, follow a three-step command, and do her own cooking, cleaning, laundry, shopping, and bills. *Id.* at 621.

Here, the ALJ imposed a simple, repetitive work RFC with additional conditions regarding interaction with supervisors and coworkers and no responsibility for safety related work. These limitations are entirely consistent with the medical evidence despite the ALJ's finding that Plaintiff is moderately limited in her concentration, persistence, and pace. In formulating Plaintiff's RFC, the ALJ rejected evidence from Plaintiff's treating psychiatrist that "Plaintiff has an extreme limitation in her ability to perform at a consistent pace." [AR 36]. The ALJ rejected that treating physician's opinion because it was inconsistent with the "generally unremarkable mental status examinations" conducted by Dr. Bagner who found that Plaintiff's ability to follow simple, oral and written instructions was not limited and

7

Plaintiff's ability to follow detailed instruction was only mildly limited. [AR 36, 557.]

Moreover, immediately after opining that Plaintiff is moderately limited in her concentration, persistence, or pace, the ALJ permissibly questioned Plaintiff's complaints regarding her ability to concentrate. [AR 29.] The ALJ noted that "Plaintiff alleged that she has difficulty concentrating. However, "[Plaintiff had] enough concentration to perform household chores and read. Moreover, the undersigned observed the claimant throughout the hearing. During the time when the claimant was being questioned, the claimant appeared to understand and process the questions without difficulty as she responded to the questions appropriately and without delay. The claimant paid attention throughout the hearing." [AR 29.] This was an appropriate consideration.

Although the Ninth Circuit has disapproved of so called "sit and squirm," jurisprudence, the inclusion of the ALJ's observations does not render the decision improper. *See Perminter v. Heckler,* 765 F.2d 870, 872 (9th Cir. 1985) ("The ALJ's reliance on his personal observations at the hearing has been condemned as 'sit and squirm' jurisprudence")*; but see Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (although Ninth Circuit has disapproved of so-called "sit and squirm" jurisprudence, the inclusion of the ALJ's observations does not render the decision improper; ALJ did not comment on fact that claimant failed to manifest symptoms of pain at the hearing, but rather on the claimant's symptoms that were inconsistent with the medical record and with other behavior exhibited at the hearing). Here, the ALJ's observation of Plaintiff's ability to concentrate and to answer questions during the hearing is one more piece of evidence supporting the weight of the medical evidence from the examining and reviewing physicians that Plaintiff can perform simple, repetitive work despite her moderate impairments in concentration, persistence, or pace.

///

8

Given the ALJ's observations, the ultimate RFC finding, and the recent authority, the Court concludes that the ALJ's RFC adequately captured Plaintiff's moderate limitations related to concentration, persistence, and pace. *See Stubbs-Danielson*, 539 F.3d at 1174 ("[A]n ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony."); *see also Turner v. Berryhill*, 705 F. App'x 495, 498 (9th Cir. 2017) (A hypothetical question posed by a VE need not "separately mention[ ] [a claimant's] moderate difficulties in concentration, persistence, or pace" where the question limits the claimant to performing simple, routine tasks.); *Kehm v. Berryhill*, No. 2:16–cv–01918 AC, 2018 WL 1392887, at *6 (E.D. Cal. Mar. 20, 2018) ("To the extent plaintiff argues that the ALJ's hypothetical to the VE was incomplete because it did not specifically include a limitation on concentration, persistence, or pace, such an argument is inconsistent with the rule in the Ninth Circuit.") (*citing Hoopai v. Astrue*, 499 F.3d 1071, 1077 (9th Cir. 2007; *Allain v. Astrue*, No. CV 09–00810–MLG, 2009 WL 3514424, at *2 (C.D. Cal. Oct. 27, 2009) (holding that the ALJ properly translated moderate difficulties in concentration, persistence, or pace at Step Three into questions to the VE by limiting the claimant to work involving "simple, routine tasks"). On this record, Plaintiff has failed to demonstrate that the ALJ failed to adequately translate her moderate limitations in concentration, persistence, or pace when formulating her RFC. Remand is therefore not required.

**B.     Plaintiff's Physical RFC Determination**

In her second issue, Plaintiff argues that the ALJ failed to properly assess her physical RFC. Specifically, Plaintiff contends that the ALJ "discounted every single medical opinion outright and [instead] based the RFC on his own opinion evidence of record." (Dkt. 16 at 16). The Commissioner responds that the ALJ did not broadly reject all of the medical evidence. Rather, the ALJ largely adopted the opinions of the internal consultative examiner and the state agency reviewing

9

1  physicians, but ultimately adopted greater functional restrictions than those found by
2  the examining and reviewing physicians. (Dkt. 23 at 5-8).

3  Here, the ALJ provided a detailed review of the medical evidence, including
4  the opinions of the two State agency reviewing physicians and the two consultative
5  examining physicians, all who opined Plaintiff could perform a range of medium or
6  light work. [AR 35-36,74-75, 93-94, 512, 551, 626-627.] In weighing the evidence,
7  the first ALJ rejected the treating opinion of Dr. Sik Tjan as inconsistent with the
8  record. Dr. Tjan opined that Plaintiff can only stand and walk for 1 hour in an 8-
9  hour workday and she is unable to work because of her condition. [AR 35, 512.]
10 The ALJ declined to credit Dr. Tjan's opinion because it was inconsistent "with the
11 record as a whole, specifically the generally unremarkable physical examinations
12 and minor MRI/x-ray findings." [AR 36.] The ALJ then largely adopted Dr.
13 Karamlou's examining opinion who assessed that Plaintiff could perform light
14 work. [AR 35, 551.] The ALJ further noted that examining orthopedist Vicente R.
15 Bernabe found that Plaintiff could perform a range of medium work, and the State
16 agency medical consultants opined that Plaintiff could perform restricted ranges of
17 light work. [AR 35-36, 74-75, 93-94, 551, 670-71.] In light of this evidence, the
18 ALJ gave Plaintiff the benefit of the doubt and fashioned a more-restrictive, limited
19 range-of-light-work RFC than opined by the agency and examining physicians. [AR
20 30.] Thus, contrary to Plaintiff's assertion, the RFC was not merely the ALJ's own
21 opinion but was based on the majority of medical opinions concluding that Plaintiff
22 could perform work.

23 Further, Plaintiff fails to show that any other credited opinion supports a
24 finding for a more restrictive RFC than fashioned by the ALJ. *See Matthews v.*
25 *Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (substantial evidence supported finding
26 claimant, although impaired, was not disabled and could perform a range of medium
27 work because "[n]one of the doctors who examined [claimant] expressed the
28 opinion that he was totally disabled"). Because Plaintiff does not challenge the

ALJ's treatment of the treating physician evidence and the ALJ's final RFC determination is more limited than the physical functionality opinions of all of the other examining and reviewing physicians, Plaintiff cannot show harm by the ALJ's weighing of their opinions. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination").

Finally, it is well established that the RFC determination is not a medical opinion, but a legal decision that is expressly reserved for the Commissioner. *See* 20 C.F.R. §§ 416.927(d)(2) (RFC is not a medical opinion and is a decision reserved for the Commissioner), 416.946(c) (identifying the ALJ as responsible for determining RFC); *Lynch Guzman v. Astrue*, 365 F. App'x 869, 870 (9th Cir. 2010) (a claimant's RFC "is an administrative finding reserved to the Commissioner"); *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) ("It is clear that it is the responsibility of the ALJ, not the claimant's physician, to determine [RFC].").

Contrary to Plaintiff's argument, the ALJ's physical RFC determination was supported by substantial evidence demonstrating that Plaintiff could perform a restricted range of light work and therefore remand is not warranted on this basis.

## V. CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is AFFIRMED and this action is DISMISSED WITH PREJUDICE; and

(2) Judgment be entered in favor of the Commissioner.

**IT IS SO ORDERED.**

DATED: February 5, 2019

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

11